### (August 2, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT SCHETTINI, Also Known as ROLAND ANTHONY SCHETTINI, Appellant.— Appeal from a judgment of the County Court of Chemung County rendered June 16, 1972, upon a verdict convicting defendant of two counts of criminally selling a dangerous drug in the fourth degree and two counts of criminal possession of a dangerous drug in the fifth degree. The indictment arose out of two alleged sales of LSD by defendant to a State Police informer. The jury found defendant guilty of all four counts and the trial court sentenced him to a term of not more than four years imprisonment on each count, the terms to run concurrently. Defendant contends (1) that he was denied a speedy trial; (2) that the lower court erred in refusing to admit the testimony of two defense witnesses; (3) that the sentence was harsh and excessive; and (4) that the verdict was against the weight of the evidence. When the case came on for trial on January 13, 1972, the District Attorney moved for an adjournment on the ground that a preceding trial had lasted until approximately 1:30 A.M. of that morning and, as a result, he had been unable to have his witnesses ready for trial that day. The court adjourned the case for a period of four days. We find that the defendant was not prejudiced by this short delay. Nor do we find merit in defendant's contention that the trial court erred in refusing to admit the testimony of two defense witnesses which he purportedly offered to show bias and hostility on the part of the prosecution's chief witness, the informant. The testimony offered, however, could not on any view be regarded as demonstrative of the witness' bias towards defendant, but rather merely tended to show prior immoral or criminal acts of the witness. Unlike hostility or bias, which "is not a collateral inquiry, but may be proved by others than the witness himself" (*People* v. *Glennon*, 175 N. Y. 45, 52), testimony as to prior immoral or criminal acts relates to collateral matter. Therefore, although the witness may be cross-examined, the cross-examiner may not (except as to a criminal *conviction*) call other witnesses or produce other evidence to refute him (*People* v. *Zabrocky*, 26 N Y 2d 530, 535; Richardson, Evidence [9th ed.], § 503). Thus, the proffered testimony was properly excluded. We find that the sentence imposed is not excessive. Having been convicted of four felonies involving the sale and possession of drugs, including two class D felony counts, defendant could have

received a far greater sentence. Thus, a maximum sentence of four years is by no means harsh or excessive. We find no merit in defendant's final contention that the record is insufficient to establish guilt beyond a reasonable doubt. The verdict is amply supported by the record. We have examined the remainder of defendant's contentions and find them to be without merit. Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, concur.